*310 O’Donnell, J.
{¶ 1} The issue we confront in this appeal is whether a juvenile has a statutory-right to counsel during a police interrogation conducted before a complaint is filed or an appearance is made in juvenile court.
{¶ 2} R.C. 2151.352 provides that a child “is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152.” Because the term “proceedings,” as used in this statute, means court proceedings, a juvenile does not have a statutory right to counsel at an interrogation conducted prior to the filing of a complaint or prior to appearing in juvenile court. Accordingly, we affirm the judgment of the court of appeals.
Facts and Procedural History
{¶ 3} On August 22, 2009, Cleveland Police Sergeant Thomas Shoulders stopped a vehicle driven by M.W. (who at that time identified himself as M.J.) and determined he had no valid Ohio driver’s license. When Shoulders asked why he lied about his name, M.W. stated he “thought [he] could get away with it” and he thought he had been stopped for “something to do with [A.C.]” Shoulders knew that A.C. had been arrested for aggravated robbery the previous day and therefore asked M.W. what he knew about that robbery. M.W. told Shoulders that he heard A.C. robbed “someone at gun point on Thursday night” and then added that he had served as the lookout for A.C.: “I kept anyone from walking up on him or watched for the police.” M.W. further explained that after the robbery, they each ran, intending to split the money the following day, but the police arrested A.C. before they had that opportunity.
{¶ 4} Based on those statements, Shoulders arrested M.W., transported him to the Cleveland Second District Police Station, and in the presence of Detective David Borden, advised M.W. of his constitutional rights. M.W. signed a written waiver of his rights and a written statement.[1] Detective Borden then filed a complaint in the Cuyahoga County Juvenile Court alleging M.W. to be delinquent for having committed aggravated robbery, in violation of R.C. 2911.01(A)(1), a felony of the first degree, with firearm specifications pursuant to R.C. 2941.141 and 2941.145.
*311 {¶ 5} The state moved to bind M.W. over to the general division of common pleas court in order to prosecute M.W. as an adult. The juvenile court denied that motion, finding M.W. amenable to care and rehabilitation in the juvenile system.
{¶ 6} Subsequently, a juvenile court magistrate adjudicated M.W. delinquent of aggravated robbery with a three-year firearm specification, and the juvenile court adopted that decision: it placed M.W. in the custody of the Ohio Department of Youth Services for a minimum of one year on the aggravated-robbery charge and one year on the three-year firearm specification, to be served consecutively, for a period of commitment not to exceed 21 years of age.
{¶ 7} M.W. appealed and raised several claims, urging that the trial court erred in admitting his written statement into evidence because Shoulders had violated R.C. 2151.352 in obtaining it. That statute provides a juvenile with a right to representation by legal counsel at all stages of the proceedings pursuant to R.C. Chapters 2151 and 2152. M.W. asserted that giving a written statement to Shoulders was a proceeding and triggered his statutory right to counsel. He further claimed that based on In re C.S., 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, he could not waive his Fifth Amendment right to counsel during interrogation, recognized in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), unless he had consulted with a parent, guardian, custodian, or attorney regarding the waiver. Because he had not consulted anyone, M.W. argued that the waiver of his Miranda right to counsel was invalid based on In re C.S.
{¶ 8} The state disputed the assertion that interrogation constituted a proceeding within the scope of R.C. Chapter 2151 at which the right to counsel pursuant to R.C. 2151.352 attached, arguing that the term “proceedings” in R.C. 2151.352 meant court proceedings. It cited the definitions for the terms “court proceeding” and “party” contained in Juv.R. 2 and the requirement of Juv.R. 4 that parties to a juvenile court proceeding are entitled to counsel. The state further explained that a juvenile-delinquency proceeding commences when a complaint is filed or a juvenile appears before the juvenile court. In this case, the state argued that because M.W. gave his written statement before Detective Borden filed the complaint in juvenile court that commenced the delinquency proceeding against him, his statutory right to counsel had not attached at the time of interrogation.
{¶ 9} The appellate court rejected M.W.’s claim that giving a written statement to Shoulders constituted a stage of the proceedings, explaining that “a juvenile proceeding does not commence until the filing of a complaint.” 8th Dist. No. 94737, 2010-Ohio-6362, 2010 WL 5486847, ¶ 16. It concluded that because no *312 complaint had been filed against M.W. at the time of the police interrogation, R.C. 2151.352 did not apply. Id.[2]
{¶ 10} M.W. appealed and now presents this proposition of law for our consideration:
A child has the right to counsel at all stages of the proceedings against him. Because Ohio’s General Assembly has designated interrogation as a stage of the proceedings, a child must be represented by his parent, guardian, custodian, or an attorney before the child can waive his right to counsel pursuant to Miranda.
{¶ 11} M.W. contends that an interrogation is an R.C. Chapter 2151 proceeding because it is included in R.C. 2151.311(D)(2) and that he had a statutory right to counsel at all stages of the proceedings pursuant to R.C. 2151.352 that arose before he waived his Miranda right to counsel. He further asserts that the waiver of his Miranda right to counsel is invalid based on In re C.S. because he had not consulted with an attorney or parent.
{¶ 12} The state contends that an interrogation is not a “proceeding” as that term is used in R.C. 2151.352 or within the usual and ordinary definition of the term. It also contends that the legislative history of R.C. 2151.352 does not support a finding that an interrogation is a proceeding and that the term “proceeding” is used consistently throughout the Revised Code to mean a court proceeding. The state also asserts that the juvenile rules of procedure similarly do not lend support to M.W.’s position, pointing out that Juv.R. 2(G) defines “court proceeding” to mean any action taken by a court after the filing of a complaint or the time the child first appears before the court and that Juv.R. 4(A) states that the right to counsel does not attach until the juvenile becomes “a party to a juvenile court proceeding.” Thus, the state contends that because interrogation is not an R.C. Chapter 2151 proceeding, the right of a juvenile to counsel pursuant to R.C. 2151.352 does not arise until the juvenile appears before the court, and, in turn, In re C.S. does not apply in this case.
{¶ 13} Thus, the issue presented by this appeal is whether the statutory right to counsel delineated by the General Assembly in R.C. 2151.352 attaches to an interrogation of a juvenile prior to the filing of a complaint alleging delinquency or prior to an appearance by the juvenile in juvenile court. Resolution of that issue rests on the definition of the term “proceedings” as used in R.C. 2151.352.
*313 Law and Analysis
{¶ 14} R.C. 2151.352 provides: “A child, the child’s parents or custodian, or any other person in loco parentis of the child is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152 of the Revised Code.”
{¶ 15} R.C. 2151.311(C)(1) provides that a person taking a child into custody for a delinquent act that would be a felony if committed by an adult may hold the child for processing purposes for a maximum of six hours in an adult center. The statute further defines “processing purposes” to include “[interrogating the child, contacting the child’s parent or guardian, arranging for placement of the child, or arranging for transfer or transferring the child, while holding the child in a nonsecure area of the facility.” (Emphasis added.) R.C. 2151.311(D)(2).
{¶ 16} In the case of In re C.S., we construed R.C. 2151.352 in the context of a delinquency proceeding and held that “a juvenile may waive his constitutional right to counsel, subject to certain standards * * *, if he is counseled and advised by his parent, custodian, or guardian. If the juvenile is not counseled by his parent, guardian, or custodian and has not consulted with an attorney, he may not waive his right to counsel.” 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, at ¶ 98. Here, however, we are concerned with determining whether an interrogation that occurs prior to the filing of a complaint in the juvenile court is considered a “proceeding” for the purposes of R.C. 2151.352, and it is the procedural and timing differences that distinguish this case from In re C.S.
{¶ 17} This appeal involves a matter of statutory construction. The primary goal in construing a statute is to ascertain and give effect to the intent of the legislature. State v. Hairston, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 11. When analyzing a statute, we first examine its plain language and apply the statute as written when the meaning is clear and unambiguous. State v. Lowe, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9. This analysis also requires that we read words and phrases in context and construe them according to the rules of grammar and common usage. R.C. 1.42.
{¶ 18} R.C. 2151.352 does not define the term “proceedings”; therefore, we look to the usual and ordinary definition of that term for guidance. Brecksville v. Cook, 75 Ohio St.3d 53, 56, 661 N.E.2d 706 (1996). Black’s Law Dictionary 1324 (9th Ed.2009) defines “proceeding” as (1) “[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment ” (emphasis added), (2) a way by which redress is sought from a tribunal or an agency, (3) “[a]n act or step that is part of a larger action,” and (4) “[t]he business conducted by a court or other official body; a hearing.” It is also noteworthy that in 1969, when the General Assembly enacted R.C. 2151.352, “proceeding” was defined in Black’s Law Dictionary in virtually *314 the same way, but the entry included a comment that the term proceeding “is properly applicable, in a legal sense, only to judicial acts before some judicial tribunal.” Id. at 1368 (4th Ed.1968). Also, Webster’s Third New International Dictionary 1807 (1986) defines “proceedings” as “the course of procedure in a judicial action or in a suit in litigation: legal action * * * : a particular action at law or case in litigation.” (Emphasis added.) Thus, the term “proceedings” denotes acts or events taken between the time of commencing an action at law and the entry of a final judgment by a judicial tribunal. “Proceedings” evokes a court of law, not the investigatory action taken by police prior to the filing of a complaint or a juvenile’s initial appearance before a tribunal.
{¶ 19} Prior decisions from this court also support interpretation of the term “proceedings” to mean court proceedings. In State v. Davis, 132 Ohio St.3d 25, 2012-Ohio-1654, 968 N.E.2d 466, we construed R.C. 2921.04(B) and held that a conviction for witness- intimidation could not be sustained when the act of intimidation occurred prior to the formal initiation of criminal charges or grand jury proceedings, but during a pending police investigation, because a court was not yet involved. We reiterated: “Throughout the Revised Code, ‘ “criminal action or proceeding ” * * * indicates the involvement of a court.’ ” (Emphasis added.) Id. at ¶ 16, quoting State v. Malone, 121 Ohio St.3d 244, 2009-Ohio-310, 903 N.E.2d 614, at ¶ 15; see also Malone at ¶ 18 (“As demonstrated in Ohio’s statutory scheme and in this court’s case law, a ‘criminal action or proceeding’ implies a formal process involving a court”); State ex rel. Steckman v. Jackson, 70 Ohio St.3d 420, 432, 639 N.E.2d 83 (1994) (noting that the term “proceeding,” used in R.C. 149.43(A)(1), is defined in Black’s to mean the steps in an action from commencement to final judgment).
{¶ 20} In addition, the Juvenile Rules lend support to the view that the term “proceedings” in R.C. 2151.352 means court proceedings. See, e.g., Juv.R. 2(G) defines “court proceeding” to mean “all action taken by a court from the earlier of (1) the time a complaint is filed and (2) the time a person first appears before an officer of a juvenile court until the court relinquishes jurisdiction over such child”; Juv.R. 2(Y) defines a “party” as “a child who is the subject of a juvenile court proceeding”; and Juv.R. 4(A) provides that “[ejvery party shall have the right to be represented by counsel” and that right attaches “when a person becomes a party to a juvenile court proceeding.”
{¶ 21} Finally, the context in which the term “proceedings” is used in R.C. 2151.352 reveals that the General Assembly contemplated that the term would mean court proceedings. The statute applies to a “child, the child’s parents or custodian, or any other person in loco parentis of the child” and refers to each as a “party,” inferring that a legal action has commenced. The statute also directs the court to undertake a variety of actions, including providing counsel to *315 indigent parties, observing whether a party is aware of the right to counsel and the right to be appointed counsel if indigent, and continuing a case to enable a party to obtain counsel or be appointed counsel; a court, however, may take action only after its jurisdiction has been invoked. See State ex rel. Pfeiffer v. Lorain Cty. Common Pleas Court, 13 Ohio St.2d 133, 136-137, 235 N.E.2d 232 (1968); see also In re Hunt, 46 Ohio St.2d 378, 348 N.E.2d 727 (1976), paragraph one of the syllabus (“A complaint under Juv.R. 10 and R.C. 2151.27 alleging that a child is dependent must state the essential facts which bring the proceeding within the jurisdiction of the court”).
{¶22} The fallacy of M.W.’s argument is highlighted by the fact that he invokes a right to counsel pursuant to R.C. 2151.352 before the delinquency matter is brought against him in juvenile court. His reliance on R.C. 2151.352, which requires a court to appoint counsel or ascertain whether a party is aware of his right to counsel, is weakened by the fact that the jurisdiction of the juvenile court had not yet been invoked, and thus no court had authority to act.
{¶ 23} In view of these reasons and the plain language of R.C. 2151.352, we conclude that an interrogation that occurs prior to the filing of a complaint alleging delinquency or prior to an appearance in juvenile court is not a proceeding that falls within the scope of R.C. Chapter 2151. This determination is consistent with our duty to construe statutes to avoid unjust and unreasonable results. R.C. 1.47(C).
{¶ 24} This conclusion also conforms with our statement in State v. Ostrowski, 30 Ohio St.2d 34, 282 N.E.2d 359 (1972): “Taken as a whole, the purpose of R.C. 2151.352 is to insure to the juvenile his right to counsel and/or his right to have parents present at any hearing.” Id. at 42 (construing an earlier version of R.C. 2151.352, which contained the term “stages of the proceedings”).
{¶ 25} In this case, the complaint filed by Detective Borden commenced the delinquency proceeding against M.W. and invoked the jurisdiction of the juvenile court and afforded M.W. the right to counsel pursuant to R.C. 2151.352. Because Shoulders’s interrogation of M.W. occurred prior to the filing of that complaint, M.W.’s statutory right to counsel had not attached.
{¶26} We stress that the only claimed right to counsel in this appeal is a statutory one premised on R.C. 2151.352, and our narrow holding does not address any constitutional right to counsel or the issue of waiver. Although M.W. had a Fifth Amendment right to counsel pursuant to Miranda, he did not exercise that right. In re M.W., 2010-Ohio-6362, 2010 WL 5486847, at ¶ 16. His Sixth Amendment right to counsel, which guarantees the right to counsel at all “ ‘critical’ stages of the proceedings,” United States v. Wade, 388 U.S. 218, 224, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), had not yet attached because a complaint alleging delinquency had not yet been filed. United States v. Gouveia, 467 U.S. *316 180, 189, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984) (right to counsel “attaches at the initiation” of adversarial judicial proceedings).
Conclusion
{¶ 27} The term “proceedings” as used in R.C. 2151.352 means court proceedings, and in that context, a child is statutorily entitled to representation by legal counsel upon the filing of a complaint in juvenile court or upon initial appearance in the juvenile court. Thus, the right of a juvenile to counsel pursuant to R.C. 2151.352 attaches when the jurisdiction of a juvenile court is properly invoked. For these reasons, we affirm the judgment of the appellate court. -
Judgment affirmed.
Lundberg Stratton, Lanzinger, and Cupp, JJ., concur.
O’Connor, C.J., and Pfeifer and McGee Brown, JJ., dissent.

. It is this statement that M.W. contests in this appeal; no objection is made to the statements he gave to Shoulders at the time he was stopped.

. M.W. never exercised his Miranda right to counsel, as noted by the court of appeals in its opinion. Thus, the only basis upon which M.W. claims a right to counsel in this appeal is a statutory right to counsel pursuant to R.C. 2151.352.