[Cite as *State v. Hills*, 2013-Ohio-2902.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98848**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ERIK D. HILLS, II

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-559495

**BEFORE:**   Stewart, A.J., Rocco, J., and Keough, J.

**RELEASED AND JOURNALIZED:**   July 3, 2013

**ATTORNEY FOR APPELLANT**

Richard Agopian
The Hilliard Building
1415 West 9th Street, 2nd Floor
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Mark J. Mahoney
            James M. Price
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

{¶1} Defendant-appellant Erik Hills, II elected to have the court try him on charges of felonious assault, intimidating a crime witness, aggravated menacing, and having weapons while under disability. Some of the counts had firearm specifications. After the court denied Hills's motion for judgment of acquittal, the court allowed the state to amend the intimidation count to insert the name of the victim. The court subsequently found Hills not guilty of felonious assault, but guilty on the intimidation, menacing, weapons disability counts, and firearm specifications. On appeal, Hills complains that the indictment charging intimidation was legally insufficient both in form and substance and that the court erred by allowing the state to amend it during trial; that trial counsel was ineffective during the plea bargaining stages; and that there was insufficient evidence to prove that the firearm was operable.

I

{¶2} We first address Hills's several arguments relating to the intimidation count — whether the count should have been dismissed because it did not list a victim; whether the court erred by allowing the state to amend the indictment to state the name of the victim; and whether there was sufficient evidence to prove the intimidation count.

A

{¶3} In Count 1 of the indictment, the grand jury charged that Hills "did knowingly and by force or by unlawful threat of harm to any person or property, attempt

to influence, intimidate, or hinder [a] * * * witness * * *." In his Crim.R. 29 motion for judgment of acquittal offered at the close of the state's evidence, Hills argued that the indictment was defective because it omitted the name of the witness-victim. In response to Hills's motion for judgment of acquittal on the intimidation count, the state argued that the name of a victim was not a necessary element of intimidation under R.C. 2921.04(B). On the assumption that the victim's name was a necessary element of intimidation, the state argued that the court should amend the indictment to state the victim's name because there had never been any question about the victim's identity given that he testified at trial. The court allowed the amendment.

{¶4} "Ohio law does not require that a victim be named in an indictment when the identity of the victim is not an essential element of the crime." *State v. Cicerchi*, 182 Ohio App.3d 753, 2009-Ohio-2249, 915 N.E.2d 350, ¶ 35, fn. 7 (8th Dist.). The victim's name is not an essential element of R.C. 2921.04(B). The elements of intimidation of a witness, as stated under the version of R.C. 2921.04(B) in effect at the time Hills committed his offense, required the state to show that Hills, knowingly and by force or by unlawful threat of harm to any person, attempted to influence, intimidate, or hinder a witness to a criminal act.

{¶5} The witness's name is not essential to proving an act of intimidation. What is essential is proving that the victim was a witness to a criminal act. So the court had no basis for granting a motion for judgment of acquittal on the intimidation count merely because it failed to state the name of the victim.

B

{¶6} Morever, even had there been some defect in the form of the witness intimidation count, the court did not abuse its discretion by amending that count to state the victim's name. The court may amend an indictment at any time before, during, or after a trial to correct any "omission in form or substance" provided the amendment makes no change to the name or identity of the crime charged. *See* Crim.R. 7(D). The rule is consistent with the principle that the purpose of a grand jury indictment is to give notice to the accused so that he can know what he has been charged with and prepare to defend those charges in criminal proceedings. *See State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, ¶ 10. So if an amendment does not change the name or identity of the crime charged, or the penalty or degree of offense charged, the defendant's "notice" of what he has been charged with remains unaffected.

{¶7} There is no question that Hills knew the identity of the victim well in advance of trial — the state identified the victim during discovery. For this reason, Hills makes no argument that his ability to mount an effective defense was impeded because he did not know the victim's name. Indeed, Hills's argument is not one based on prejudice, but on the idea that the state committed a technical violation by failing to state the victim's name in the indictment — an argument we have rejected because the victim's name was not an essential element of the offense. Given the lack of prejudice, we have no basis for concluding that the court abused its discretion by amending the intimidation count to reflect the victim's name.

C

{¶8} Hills next argues that there was insufficient evidence to prove the charge of witness intimidation. He maintains that the state failed to offer evidence to show that the victim believed Hills used force or the unlawful threat of force to influence the victim's testimony.

{¶9} We determine whether the evidence is sufficient to sustain a verdict by examining the evidence in the light most favorable to the prosecution and determining whether any rational trier of fact could have found that the prosecution proved the essential elements of the crime beyond a reasonable doubt. *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 78, quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶10} The evidence showed that Hills's father and the victim were charged with felonious assault in connection with a drive-by shooting in a separate criminal case. The victim and the father were in separate cars and the shots were fired by a passenger in the car driven by the father. The victim claimed to have no involvement in the shooting and the charges against him were later dismissed; the father ultimately pleaded guilty to aggravated assault. Before the resolution of that criminal case, both men were out on bond and found themselves at the same tavern: the victim was with his wife; the father with Hills and a group of people. The father motioned for the victim to come over to his table, but the victim motioned to have the father come to his table. When neither man made a move toward the other, the victim went outside to smoke. The father followed

with Hills and several other friends just behind him. Seeing the number of people exiting with the father, the victim's wife went out to join her husband. The victim said that the father referenced the pending legal proceedings against them and told him, "just let the court process play out * * *. Don't say anything." The victim responded incredulously, saying that he had lost his job and was about to lose his house because of the felonious assault charges: "I was, like, What are you talking about? Go through what process?" At that point Hills said, "Man, you know what he talking about. You a snitch." When the victim said, "[t]his ain't got nothing to do with snitching[,]" Hills lifted his shirt and pulled out a gun. He did not point the gun at the victim, but waved it back and forth. The victim and his wife both began backing away toward their car.

{¶11} This evidence was sufficient to prove that Hills acted knowingly and by force or by unlawful threat of harm to influence, intimidate, or hinder the victim in his capacity as a witness to a criminal proceeding. Both the victim and the father were under indictment in the other criminal case, so court proceedings had undisputedly commenced against them. *See In re M.W.*, 133 Ohio St.3d 309, 2012-Ohio-4538, 978 N.E.2d 164, ¶ 18.

{¶12} We also find that a rational trier of fact could easily conclude that calling the victim a snitch and brandishing a firearm served no purpose other than to intimidate the victim and influence him to either give favorable testimony for the father or not testify at all against the father. Hills disputes that he possessed any firearm, but both the victim and his wife testified that they saw Hills display the gun as a threat to the victim. That

was enough evidence to allow the court to deny a motion for judgment of acquittal on the intimidation charge.

II

{¶13} We next consider Hills's assignment of error that there was insufficient evidence to prove the firearm specifications. The state treats this argument as one questioning the evidence supporting the weapons while under disability count. Hills's does not make this argument on appeal. But in fairness to the state, Hills's assignment of error only cites *State v. Woodson*, 8th Dist. No. 96538, 2012-Ohio-172, references the statements made in that case supporting a finding of operability, and makes the statement, "[a]ll of this is absent in this case." We view this as an argument that the state failed to prove operability for the firearm specification given that the police did not recover any firearm, there was no direct evidence of operability, and there were no threats to use the firearm that would constitute circumstantial evidence of operability.

{¶14} In *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph one of the syllabus states:

> A firearm enhancement specification can be proven beyond a reasonable doubt by circumstantial evidence. In determining whether an individual was in possession of a firearm and whether the firearm was operable or capable of being readily rendered operable at the time of the offense, the trier of fact may consider all relevant facts and circumstances surrounding the crime, which include any implicit threat made by the individual in control of the firearm. (*State v. Murphy* [1990], 49 Ohio St.3d 206, 551 N.E.2d 932, *State v. Jenks* [1991], 61 Ohio St.3d 259, 574 N.E.2d 492, and *State v. Dixon* [1995], 71 Ohio St.3d 608, 646 N.E.2d 453, followed; R.C. 2923.11[B][1] and [2], construed and applied.)

**{¶15}** Circumstantial evidence of a firearm's operability includes the representations and actions of the individual exercising control over the weapon. Thus, "where an individual brandishes a gun and implicitly but not expressly threatens to discharge the firearm at the time of the offense, the threat can be sufficient to satisfy the state's burden of proving that the firearm was operable or capable of being readily rendered operable." *Id.* at 384.

**{¶16}** The evidence showed that Hills brandished a gun. The word "brandish" means to "wave or exhibit in a menacing or challenging manner." *State v. McCrary*, 1st Dist. No. C-08060, 2009-Ohio-4390, ¶ 30. As we stated when addressing the evidence supporting the witness intimidation count, the evidence showed that Hills, immediately after calling the victim a "snitch," removed a firearm from the waistband of his trousers and waved it about in a menacing manner. To be sure, Hills did not actually point the firearm at the victim. But his act of brandishing the gun was an implicit threat intended to cause the victim to believe that Hills would use the gun to cause physical harm. In fact, this same conduct supported Hills conviction on the aggravated menacing count — a count that he does not contest on appeal. The circumstantial evidence was such that the court could rationally find that the state proved that Hills's firearm was operable.

### III

**{¶17}** Hills's final argument is ostensibly an ineffective assistance of counsel claim based on his rejection of a plea bargain offered by the state. After opening statements were completed, the state told the court that it had offered Hills a plea deal

wherein Hills would plead guilty to the intimidation of a witness count and a misdemeanor count of aggravated menacing, and the state would delete the firearm specifications on all counts. The offer contemplated a "recommended sentence up to the discretion of the Judge[.]" Although Hills rejected the plea bargain, the state said that the offer remained open. The court questioned both Hills and defense counsel about the offer, and they both confirmed that the plea deal had been offered, that they discussed the deal, that Hills was aware that it was his decision to decide whether to accept the plea deal, and that Hills had chosen to go forward with trial.

{¶18} We say that Hills's argument was "ostensibly" an ineffective assistance of counsel claim because the actual argument that Hills makes is one that complains that the court, not counsel, committed error: "although the court informed Mr. Hills, II of the plea bargain, it failed to inform him of the serious consequences of a conviction" on the charged offenses. *See* Appellant's Brief at 21. Although Crim.R. 11 places an obligation on the court to inform a defendant that a guilty plea waives certain constitutional rights, the court has no duty to inform a defendant of the consequences of *rejecting* a plea. To the extent that Hills argues the court erred in this respect, we reject that argument.

{¶19} Even if we analyze this assignment of error as an ineffective assistance of counsel claim, it still fails. To succeed on his ineffective assistance of counsel claim, Hills must show that: (1) counsel's failures fell below an objective standard of reasonableness and (2) counsel's deficient performance was prejudicial. *See Strickland*

*v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The standard for showing ineffective assistance of counsel during the plea bargaining stage is set forth in *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), and *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012). In *Lafler*, the court held that the Sixth Amendment right to counsel applies to the plea bargaining process and prejudice occurs when, absent deficient advice, the defendant would have accepted a plea that would have resulted in a less severe conviction, sentence, or both. *Lafler*, 132 S.Ct. at 1384-1385. In *Frye*, the court held that a component of the Sixth Amendment right to counsel in the plea bargaining context is that counsel has a duty to communicate any offers from the government to his client. *Frye*, 132 S.Ct. at 1408.

{¶20} As the record shows, counsel communicated the state's plea offer to Hills in conformity with *Frye*. What is more, Hills makes no argument that defense counsel advised him to reject the plea offer, nor does the record permit the conclusion that defense counsel gave any advice to reject the plea offer in violation of *Lafler*. Hills agreed that he had a "discussion" with defense counsel "with regard to [his] exposure if * * * convicted after trial as opposed to entering a plea." Hills also agreed that defense counsel advised him throughout the proceedings that Hills had to decide on his own whether to accept the plea offer or go to trial. Nothing supports the conclusion that defense counsel violated an essential duty to Hills by giving deficient advice to reject the plea offer.

{¶21} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

KENNETH A. ROCCO, J., and
KATHLEEN ANN KEOUGH, J., CONCUR