O’Donnell, J.,
dissenting.
{¶ 16} Respectfully, I dissent.
*123 {¶ 17} The majority today takes a criminal law statute related to whether allied offenses of similar import should be merged for purposes of criminal sentencing and applies that law to civil proceedings in juvenile court, taking another step toward characterizing proceedings in the juvenile court system as criminal in nature while upending settled constitutional principles regarding double jeopardy. The General Assembly did not intend that the allied offenses statute should apply to juveniles who are not criminals and who have not been convicted of any crimes. The judgment of the court of appeals should be affirmed.
Plain Error Review
{¶ 18} A.G. did not object to the consecutive commitments to the Department of Youth Services (“DYS”) on the adjudications for delinquency for acts constituting aggravated robbery and kidnapping if committed by an adult. Failing to raise the allied offenses issue in the trial court forfeits the matter for appellate review, except for plain error. State v. Rogers, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21-22.
{¶ 19} Although appellate courts have discretion to correct “[pjlain errors or defects affecting substantial rights,” Crim.R. 52(B), the juvenile court’s failure to apply the allied offenses statute in this case is not a “plain error.” We have explained that error is not “plain” at the time the trial court committed it if this court had not yet recognized the error in a “definitive pronouncement” and Ohio appellate courts were divided on the issue. State v. Barnes, 94 Ohio St.3d 21, 28, 759 N.E.2d 1240 (2002).
{¶ 20} Before today’s decision, this court had not held that the allied offenses statute applied to juvenile delinquency proceedings. And Ohio appellate courts had recognized that R.C. 2941.25 is a criminal statute that does not apply to juvenile delinquency proceedings, which are civil in nature. E.g., In re M.P.R., 12th Dist. Butler No. CA2014-10-209, 2015-Ohio-3102, 2015 WL 4610989, ¶ 15, fn. 1; In re M.C., 6th Dist. Erie No. E-12-031, 2013-Ohio-2808, 2013 WL 3356942, ¶ 21; In re S.S., 4th Dist. Vinton No. 10CA682, 2011-Ohio-4081, 2011 WL 3587428, ¶ 29; In re H.F., 8th Dist. Cuyahoga No. 94840, 2010-Ohio-5253, 2010 WL 4308377, ¶ 13; In re Bowers, 11th Dist. Ashtabula No. 2002-A-0010, 2002-Ohio-6913, 2002 WL 31813014, ¶ 23; but see In re T.L., 186 Ohio App.3d 42, 2010-Ohio-402, 926 N.E.2d 346, ¶ 46 (9th Dist.) vacated in part on other grounds, 127 Ohio St.3d 9, 2010-Ohio-4936, 935 N.E.2d 840.
{¶ 21} Thus, there is no plain error in these circumstances, and as we have explained, “if a forfeited error is not plain, a reviewing court need not examine whether the defect affects a defendant’s substantial rights; the lack of a ‘plain’ error within the meaning of Crim.R. 52(B) ends the inquiry and prevents recognition of the defect.” Barnes at 28.
*124 The Allied Offenses Statute
{¶ 22} The allied offenses statute, R.C. 2941.25, provides,
(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
(B) Where the defendant’s conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
{¶ 23} When the words of a statute demonstrate that “ ‘the General Assembly has plainly and unambiguously conveyed its legislative intent, there is nothing for a court to interpret or construe, and therefore, the court applies the law as written.’ ” In re I.A., 140 Ohio St.3d 203, 2014-Ohio-3155, 16 N.E.3d 653, ¶ 12, quoting State v. Kreischer, 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, ¶ 12.
{¶ 24} Notably, R.C. 2941.25 uses the words “defendant,” “offenses,” “indictment or information,” and “convicted.” These are terms that specifically and expressly relate to and are consistent with adult criminal prosecutions. They have nothing to do with juvenile adjudications, which do not refer to juveniles as defendants, do not involve offenses or indictments or informations, and do not result in convictions.
{¶ 25} A defendant, we have explained, is “ ‘the accused in a criminal case,’ ” State v. Wickline, 50 Ohio St.3d 114, 118, 552 N.E.2d 913 (1990), quoting Black’s Law Dictionary 377 (5th Ed.1979), that is, “one indicted or charged” in connection with a crime, Wickline at 118. The word “offense” means “crime.” State v. Rose, 89 Ohio St. 383, 386, 106 N.E. 50 (1914). In Ohio, criminal offenses are charged by indictment or information. Article I, Section 10 of the Ohio Constitution; R.C. 2941.021. And we have explained that for purposes of R.C. 2941.25, “a ‘conviction’ consists of a guilty verdict and the imposition of a sentence or penalty.” (Emphasis sic.) State v. Whitfield, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 24.
{¶ 26} The allied offenses statute is wholly inconsistent with proceedings in juvenile court. A juvenile is not a defendant or an accused but is a “child.” R.C. 2152.02(C)(1), 2152.021; State v. Hanning, 89 Ohio St.3d 86, 89, 728 N.E.2d 1059 (2000). A juvenile delinquency case is not commenced by indictment or informa *125 tion, but rather it is the filing of a complaint that invokes the juvenile court’s jurisdiction. R.C. 2152.021; Juv. R. 2(F) and 10; In re M.W., 133 Ohio St.3d 309, 2012-Ohio-4538, 978 N.E.2d 164, ¶ 21. “Ohio juvenile proceedings do not result in criminal convictions — a juvenile court proceeding is a civil action, * * * and juveniles are ‘adjudicated delinquent’ rather than ‘found guilty’ * * State v. Adkins, 129 Ohio St.3d 287, 2011-Ohio-3141, 951 N.E.2d 766, ¶ 10, quoting State v. Hanning, 89 Ohio St.3d 86, 89, 728 N.E.2d 1059 (2000). And a juvenile receives a “disposition,” not a sentence. R.C. 2152.16, 2152.19.
{¶ 27} And this distinct terminology reflects that
[t]he juvenile courts were premised on profoundly different assumptions and goals than a criminal court, * * * with a focus on the state’s role as parens patriae and the vision that the courts would protect the wayward child from “evil influences,” “save” him from criminal prosecution, and provide him social and rehabilitative services.
In re C.S., 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 66, citing In re T.R., 52 Ohio St.3d 6, 15, 556 N.E.2d 439 (1990), Children’s Home of Marion Cty. v. Fetter, 90 Ohio St. 110, 127, 106 N.E. 761 (1914), and Ex parte Januszewski, 196 F. 123,127 (C.C.D.Ohio 1911).
{¶ 28} When the legislature has intended juvenile adjudications to be treated as criminal convictions, it has expressly stated its intent. See, e.g., R.C. 2923.13(A), 2950.01(B), and 2901.08(A). But in regard to allied offenses, the General Assembly did not make R.C. 2941.25 applicable to juvenile delinquency adjudications; thus, we are obliged to apply that law as written, and nothing in the statute authorizes or requires the juvenile court to merge delinquency adjudications that would be allied offenses if committed by an adult.
Double Jeopardy
{¶ 29} Notwithstanding the plain language of the statute, the majority focuses on dicta in State v. Ruff, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 12, that referred to R.C. 2941.25 as “codifying double-jeopardy protections.” This court was not asked in that case to decide whether the statute codifies constitutional rights against double jeopardy; instead, we considered “what ‘import’ means within the meaning of R.C. 2941.25.” Id. at ¶ 9.
{¶ 30} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords protections against the imposition of multiple criminal punishments for the same offense in successive proceedings. Hudson v. United States, 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997); State v. Raber, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E .2d 684, ¶ 24. As the Seventh Circuit *126 Court of Appeals recently explained in Boyd v. Boughton, 798 F.3d 490, 497 (7th Cir.2015), fn. 5, “the Double Jeopardy Clause outright forbids multiple punishments for a single offense only when those punishments are imposed in successive proceedings.” (Emphasis added.)
{¶ 31} However, when multiple punishments are imposed in the same proceeding, the Double Jeopardy Clause does nothing more than prevent the sentencing court from imposing greater punishment than the legislature intended. Garrett v. United States, 471 U.S. 773, 793, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985); Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); Rogers, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, at ¶ 16. In this way, the Double Jeopardy Clause embodies the basic principles that the power to define criminal offenses and prescribe punishment is vested in the legislative branch of government and that courts may impose sentences only as provided by statute. Whalen v. United States, 445 U.S. 684, 689, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).
{¶ 32} The Double Jeopardy Clause therefore does not curtail the General Assembly’s discretion in providing for multiple sanctions for the same offense. It is well settled that the legislature may require a fine and imprisonment as the sentence for a single crime. United States v. DiFrancesco, 449 U.S. 117, 139, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). Nor does the Double Jeopardy Clause preclude the legislature from establishing multiple punishments when the same conduct or transaction results in the commission of multiple offenses. Garrett at 793. This is so because the Double Jeopardy Clause does not protect against excessive punishments prescribed by the legislature and imposed by a court in the same proceeding. Rather, protections against arbitrary, disparate, and disproportionate punishment emanate from the Due Process Clause, the Equal Protection Clause, and the Eighth Amendment’s prohibitions against cruel and unusual punishment and excessive fines. See Hudson at 103; Chapman v. United States, 500 U.S. 453, 465, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991); Ingraham v. Wright, 430 U.S. 651, 672-673, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977).
{¶ 33} Accordingly, the question posed in this case is solely one of legislative intent, and in Ohio, “[a]bsent a more specific legislative statement, R.C. 2941.25 is the primary indication of the General Assembly’s intent to prohibit or allow multiple punishments for two or more offenses resulting from the same conduct.” State v. Washington, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 11. And R.C. 2941.25 provides “ ‘a clear indication of the General Assembly’s intent to permit cumulative sentencing for the commission of certain offenses.’ ” (Emphasis added.) State v. Cooper, 104 Ohio St.3d 293, 2004-Ohio-6553, 819 N.E.2d 657, *127 ¶ 12, quoting State v. Bickerstaff, 10 Ohio St.3d 62, 66, 461 N.E.2d 892 (1984), fn. 1.
{¶ 34} The majority’s inference that the allied offenses statute codifies double jeopardy protections is therefore faulty, because the Double Jeopardy Clause affords no protection against the imposition of multiple punishments prescribed by the legislature for the same offense in the same proceeding, and the merger of allied offenses is required only as provided by R.C. 2941.25.
{¶ 35} Tellingly, the majority does not hold that the Fifth Amendment requires the merger of allied offenses — the majority rejects the use of the test established by the United States Supreme Court in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)—but rather the majority claims that
R.C. 2941.25 codifies the protections established by the Ohio Constitution. And because the protections contained in R.C. 2941.25 encapsulate constitutional double-jeopardy protections, the language and principles of that statute can be applied to juveniles as well.
It follows that under the Ohio Constitution, a juvenile’s double-jeopardy protections are violated when that juvenile is subjected to multiple terms of commitment for conduct constituting allied offenses of similar import.
Majority opinion at ¶ 11-12.
{¶ 36} The question whether the Ohio Constitution forbids the imposition of multiple punishments for the same offense in the same proceeding has not been specifically briefed or argued in this case. Although A.G. asserted in the appellate court that the United States and Ohio Constitutions require the merger of his delinquency adjudications, no argument was presented that the Ohio Constitution affords greater protections than the United States Constitution provides. The memorandum in support of jurisdiction that A.G. filed did not even mention the Ohio Constitution. See State v. Boswell, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 11 (declining to address an issue that was not presented in the memorandum in support of jurisdiction); DIRECTV, Inc. v. Levin, 128 Ohio St.3d 68, 2010-Ohio-6279, 941 N.E.2d 1187, ¶ 40 (same). And the relevant argument in A.G.’s opening brief to this court is limited to the statement that “[t]he Ohio Constitution also provides Double Jeopardy protections.”
{¶ 37} Because A.G. has not argued that Article I, Section 10 of the Ohio Constitution provides greater protection against multiple punishments than the Fifth Amendment, we should not raise this question on our own initiative.
{¶ 38} But in any case, as Justice Lanzinger recently wrote for the court in State v. Broom, 146 Ohio St.3d 60, 2016-Ohio-1028, 51 N.E.3d 620, ¶ 21, “Ohio’s *128 constitutional prohibition on double jeopardy, Article I, Section 10, is coextensive with the federal clause.” We have consistently adhered to this view that the Ohio Constitution affords no greater double jeopardy protections than the Fifth Amendment. State v. Brewer, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶ 14; State v. Martello, 97 Ohio St.3d 398, 2002-Ohio-6661, 780 N.E.2d 250, ¶ 7; State v. Gustafson, 76 Ohio St.3d 425, 432, 668 N.E.2d 435 (1996).
{¶ 39} And our cases reviewing whether Article I, Section 10 of the Ohio Constitution bars multiple punishments for the same offense in the same proceeding have accorded with decisions from federal courts applying the United States Constitution; we have held that “appellate review is limited to ensuring that the trial court did not exceed the sentencing authority which the General Assembly has permitted the judiciary.” State v. Moss, 69 Ohio St.2d 515, 518, 433 N.E.2d 181 (1982); accord State v. Williams, 124 Ohio St.3d 381, 2010-Ohio-147, 922 N.E.2d 937, ¶ 12; State v. Rance, 85 Ohio St.3d 632, 634-635, 710 N.E.2d 699 (1999), overruled on other grounds, State v. Johnson, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, syllabus; State v. Delfino, 22 Ohio St.3d 270, 272, 490 N.E.2d 884 (1986).
{¶ 40} The legislature’s intent is manifest. R.C. 2941.25 does not apply to juvenile delinquency adjudications. Moreover, R.C. 2152.17(F) vests the juvenile court with discretion to impose separate consecutive commitments to DYS in these circumstances, as long as the total commitment does not exceed the child’s attainment of 21 years of age.
{¶ 41} The majority loses sight of the fact that the General Assembly has granted the juvenile court judges of this state discretion and flexibility because rehabilitation of the delinquent child — not punishing the child for committing crimes — is the ultimate goal of the juvenile court. State v. D.H., 120 Ohio St.3d 540, 2009-Ohio-9, 901 N.E.2d 209, ¶ 54. By superimposing yet another requirement of criminal procedure on juvenile courts, the majority blurs the focus on rehabilitation and threatens the flexibility and discretion that distinguish juvenile dispositions from criminal sentencing, all to the detriment of juvenile offenders who could benefit from services provided during commitment.
{¶ 42} And the majority’s effort to apply the adult allied offenses statute to juvenile proceedings is a broad attempt to judicially impose what the legislature has chosen not to do and violates the separation of powers doctrine by legislating from the bench. This is a matter of policy for the General Assembly — not this court — to decide.
Conclusion
{¶ 43} The consecutive commitments to DYS imposed in this case do not violate either the Double Jeopardy Clauses of the Fifth Amendment to the United States *129 Constitution and Article I, Section 10 of the Ohio Constitution or the allied offenses statute. According to its plain language, R.C. 2941.25 applies only to adult criminal convictions, not to juvenile delinquency adjudications that might constitute convictions for allied offenses if the acts had been committed by an adult.
Timothy McGinty, Cuyahoga County Prosecuting Attorney, and Gregory Ochocki and T. Allan Regas, Assistant Prosecuting Attorneys, for appellee.
Timothy Young, Ohio Public Defender, and Charlyn Bohland, Assistant Public Defender, for appellant.
{¶ 44} Accordingly, I would affirm the judgment of the court of appeals.
Kennedy and French, JJ., concur in the foregoing opinion.