[Cite as *State v. Rosser*, 2017-Ohio-5572.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104624

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EMMANUEL L. ROSSER

DEFENDANT-APPELLANT

---

## JUDGMENT:
### REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-603971-A

**BEFORE:** Keough, A.J., Kilbane, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** June 29, 2017

**ATTORNEY FOR APPELLANT**

P. Andrew Baker
11510 Buckeye Road
Cleveland, Ohio 44104


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Maxwell Martin
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, A.J.:

{¶1} Defendant-appellant, Emmanuel Rosser ("Rosser"), appeals his kidnapping conviction. For the reasons that follow, we reverse and remand for further proceedings consistent with this decision.

{¶2} In June 2015, Rosser was initially indicted for attempted rape and kidnapping that allegedly occurred on February 20, 1996, when he was 17 years old. After a subsequent complaint was filed in juvenile court in December 2015, Rosser was bound over to the general division and reindicted in February 2016 for the same offenses. Rosser pleaded not guilty and the case was tried to a jury.[1] The jury found Rosser not guilty of attempted rape, but guilty of kidnapping. The court imposed a six-year sentence. Rosser now appeals, raising seven assignments of error, which will be addressed out of order and together where appropriate.

## I. Statute of Limitations

{¶3} Rosser contends in his fifth assignment of error that the trial court erred in denying his motion to dismiss based on a statute of limitations violation.

{¶4} On July 16, 2015, the statute of limitations for an attempted rape prosecution increased from 20 years to 25 years. *See* R.C. 2901.13(A)(4), 2015 H.B. 6. This increase was retroactive provided that the prosecution would not have been barred under

---

[1] In the same indictment, Rosser was also charged with offenses that allegedly occurred in 2000. These offenses were tried to the jury with 1996 offenses. He was acquitted of all the charges that arose from the 2000 incident.

the prior 20-year statute of limitations on July 15, 2015. *See* R.C. 2901.13(L) (amendments "apply to a violation of [attempted rape] committed prior to the effective date of the amendments if prosecution for that violation was not barred under this section as it existed on the day prior to the effective date of the amendments"). Therefore, the 25-year statute of limitations will apply to all offenses that could have been brought under the 20-year limitations period on July 15, 2015.

{¶5} In this case, the indictment against Rosser alleged that he committed the act of attempted rape and kidnapping on February 20, 1996. Because the 20-year limitations period of February 20, 2016 was after the effective date of 2015 H.B. 6, the 25-year statute of limitations applied to the offenses for which Rosser was indicted. Accordingly, the state had until February 20, 2021 to commence prosecution against Rosser for these offenses.

{¶6} R.C. 2901.13(F) provides,

> A prosecution is commenced on the date an indictment is returned or an information filed, or on the date a lawful arrest without a warrant is made, or on the date a warrant, summons, citation, or other process is issued, whichever occurs first. A prosecution is not commenced by the return of an indictment or the filing of an information unless reasonable diligence is exercised to issue and execute process on the same. A prosecution is not commenced upon issuance of a warrant, summons, citation, or other process, unless reasonable diligence is exercised to execute the same.

{¶7} A juvenile delinquency proceeding commences upon the filing of a complaint. *See In re A.G.*, 148 Ohio St.3d 118, 2016-Ohio-3306, 69 N.E.3d 646, ¶ 26, citing R.C. 2152.021; Juv.R. 2(F) and 10 (a delinquency case is not commenced by indictment or information, but rather it is the filing of a complaint that invokes the

juvenile court's jurisdiction); *In re M.W.*, 133 Ohio St.3d 309, 2012-Ohio-4538, 978 N.E.2d 164, ¶ 21

**{¶8}** In this case, Rosser was indicted under Cuyahoga C.P. No. CR-14-583135 in the common pleas court on June 3, 2015, for attempted rape and kidnapping. Because Rosser was 17 years old when he committed the offenses, a delinquency complaint was subsequently filed on December 3, 2015, in the juvenile court alleging the same offenses. Following a probable cause and bindover hearing on February 23, 2016, the juvenile court transferred the case to the general division of the common pleas court. On February 26, 2016, Rosser was reindicted for attempted rape and kidnapping under Cuyahoga C.P. No. 16-603971. The prior 2015 indictment was ultimately dismissed.

**{¶9}** Therefore, regardless of which date this court looks at in determining when the prosecution against Rosser commenced — June 3, 2015, when he was initially indicted, December 3, 2015, when the delinquency complaint was filed against him, or February 26, 2016, when Rosser was reindicted after his case was transferred from juvenile court — the dates all fall within the relevant 25-year statute of limitations.

**{¶10}** Morever, even if the 20-year statute of limitations applied, "'a superseding indictment brought after the statute of limitations has expired is valid so long as the original indictment is still pending and was timely and the superseding indictment does not broaden or substantially amend the original charges.'" *State v. Ross*, 9th Dist. Summit No. 26694, 2014-Ohio-2867, ¶ 42, quoting *United States v. Italiano*, 894 F.2d 1280, 1282 (11th Cir.1990). Here, the 2016 indictment was a superseding indictment to

the 2015 indictment because the charges and facts were the same, and the 2015 indictment was timely filed and still pending when the 2016 indictment was filed. Therefore, no statute of limitations violation occurred.

{¶11} Accordingly, the trial court did not err in denying the motion to dismiss based on a statute of limitations violation. Rosser's fifth assignment of error is overruled.

## II. Effective Assistance of Counsel

{¶12} In his sixth assignment of error, Rosser contends he was denied effective assistance of counsel because counsel failed to move for dismissal of the case due to preindictment delay. Additionally, this court ordered briefing on the sua sponte issue of whether Rosser was subject to mandatory bindover and if not, whether counsel should have filed a motion to dismiss for preindictment delay on that basis.

{¶13} To establish ineffective assistance of counsel, a defendant must demonstrate (1) that counsel's performance fell below an objective standard of reasonable representation and (2) that he was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

**{¶14}** The failure to prove either prong of the *Strickland* two-part test makes it unnecessary for a court to consider the other prong. *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland* at 697. "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. * * * If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice * * * that course should be followed." *Strickland* at *id*.

**{¶15}** Despite the state's initiation of prosecution within the statutorily defined limitations period, an unjustifiable delay between the commission of an offense and an indictment can, under certain circumstances, constitute a violation of due process of law guaranteed by the federal and state constitutions. *State v. Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, 69 N.E.3d 688, ¶ 11-12, citing *United States v. Marion*, 404 U.S. 307, 322, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) and *State v. Luck*, 15 Ohio St.3d 150, 472 N.E.2d 1097 (1984), paragraph two of the syllabus. In *Jones*, the Ohio Supreme Court reaffirmed the burden-shifting framework for analyzing a due-process claim based on preindictment delay — the defendant must establish actual prejudice in the delay prior to the burden shifting to the state to produce evidence of a justifiable reason for the delay. *Jones* at ¶ 13-14.

**{¶16}** In this case, Rosser fails to demonstrate how he was actually prejudiced by the state's delay in bringing the case against him. At best, Rosser speculates that he could have asserted an alibi to the offense. However, if Rosser had an alibi for the

offense, he could have asserted the alibi at trial as a defense. He makes no allegation that witnesses were no longer available or that certain evidence was lost or destroyed due to the delay in the indictment. *See Jones* at ¶ 28, citing *Luck*, at 157-158 (actual prejudice exists when identifiable and relevant missing evidence or unavailable testimony would minimize or eliminate the impact of the state's evidence and bolster the defense). Because Rosser has failed to demonstrate how he was actually prejudiced in the indictment delay, he has equally failed to demonstrate that he was actually prejudiced by his trial counsel's failure to file a motion to dismiss based on preindictment delay. Rosser's sixth assignment of error is overruled.

{¶17} Addressing the sua sponte issue raised by this court and briefed in full by the parties, we find that counsel was deficient in his performance for failing to file a motion to dismiss — not for preindictment delay based on bindover, but rather for the juvenile court's improper transfer to the common pleas court because the juvenile court did not conduct an amenability hearing. Because this is a jurisdictional impediment, it can be raised at any time, even sua sponte. *State v. Adams*, 11th Dist. Trumbull No. 200-T-0121, 2002-Ohio-7164, ¶ 29, quoting *In re Graham*, 147 Ohio App.3d 452, 2002-Ohio-2407, 770 N.E.2d 1123, ¶ 29 (7th Dist.), citing *Fox v. Eaton Corp.*, 48 Ohio St.2d 236, 238, 358 N.E.2d 536 (1976), *overruled on other grounds*, *Manning v. Ohio State Library Bd.*, 62 Ohio St.3d 24, 577 N.E.2d 650 (1991), paragraph one of the syllabus. ("Even when not raised by either party, the issue of [the juvenile court's]

subject matter jurisdiction may be raised sua sponte by the court at any stage of the proceedings, including for the first time on appeal.")

{¶18} Ohio juvenile courts have exclusive subject matter jurisdiction over cases "'[c]oncerning any child who on or about the date specified in the complaint, indictment, or information is alleged * * * to be * * * a delinquent * * * child.'" R.C. 2151.23(A)(1). This jurisdictional scope is limited in R.C. 2151.23(I), which provides:

> If a person under eighteen years of age allegedly commits an act that would be a felony if committed by an adult and *if the person is not taken into custody or apprehended for that act until after the person attains twenty-one years of age*, the juvenile court does not have jurisdiction to hear or determine any portion of the case charging the person with committing that act. In those circumstances, divisions (A) and (B) of section 2152.12 of the Revised Code do not apply regarding the act, and the case charging the person with committing the act shall be a criminal prosecution commenced and heard in the appropriate court having jurisdiction of the offense as if the person had been eighteen years of age or older when the person committed the act. All proceedings pertaining to the act shall be within the jurisdiction of the court having jurisdiction of the offense, and that court has all the authority and duties in the case that it has in other criminal cases in that court.

(Emphasis added.) *See also* R.C. 2152.12(J).

{¶19} R.C. 2152.02(C) explains that a "child" for the purposes of juvenile delinquency cases is "a person who is under eighteen years of age, except as otherwise provided in divisions (C)(2) to (8) of this section." As pertinent to the facts of this case, R.C. 2152.02(C)(2) provides that

> [s]ubject to division (C)(3) of this section, any person who violates a federal or state law or a municipal ordinance prior to attaining eighteen years of age shall be deemed a "child" irrespective of that person's age at the time the complaint with respect to that violation is filed or the hearing on the complaint is held.

**{¶20}** Furthermore, R.C. 2152.02(C)(3) states that

[a]ny person who, while under eighteen years of age, commits an act that would be a felony if committed by an adult and who is not taken into custody or apprehended for that act until after the person attains twenty-one years of age is not a child in relation to that act.

**{¶21}** As this court noted, "R.C. 2151.23(I) is written in the negative, and clearly states that a juvenile court is divested of jurisdiction when certain requirements are met."

*In re H.C.*, 8th Dist. Cuyahoga No. 102601, 2015-Ohio-3676, ¶ 10.

[T]hree requirements that must be fulfilled in order for the juvenile court to lack jurisdiction under R.C. 2151.23(I): (1) the defendant must have been under eighteen years of age at the time of the offense; (2) the alleged offense would be a felony if committed by an adult; and (3) the defendant must not have been "taken into custody or apprehended" for the offense prior to turning twenty-one years of age. In interpreting this statute, the Ohio Supreme Court held that the touchstone of determining whether or not a juvenile court possesses jurisdiction under the provision was "'the age of the offender *upon apprehension*.'" *State v. Walls*, 96 Ohio St.3d 437, 442, 2002-Ohio-5059, 775 N.E.2d 829. (Emphasis sic.)

*Id*.

**{¶22}** Accordingly, if a defendant had been taken into custody or apprehended for a would-be-felony offense prior to turning the age of 21, then arguably the juvenile court possesses jurisdiction over the matter.

**{¶23}** In this case, Rosser was 17 years old at the time of the offenses, and the alleged offenses of attempted rape and kidnapping are both felonies if committed by an adult. Therefore, much like in *H.C.*, the only remaining issue as to whether Rosser is a "child" is whether Rosser was "taken into custody or apprehended" for the alleged crimes prior to turning 21 years old. According to the juvenile record, he was.

{¶24} First, the transcript of the bindover hearing and subsequent trial is replete with evidence that Rosser was identified on the day of the offense by the victim and subsequently arrested that evening. Following the arrest and booking process, he was released in the custody of his mother. Additionally, the juvenile record reflects that Rosser was initially indicted in the Cuyahoga County Common Pleas Court General Division. However, subsequently a complaint was filed with the juvenile division. As the defense counsel explained to the juvenile court judge,

> This case was actually indicted in an indictment and then it was later learned that he was a juvenile and that case law had to be investigated whether he was actually charged and who had jurisdiction.
>
> THE COURT: So they thought at first that he was not arrested and just proceeded to indict him?
>
> [DEFENSE COUNSEL]: Correct. And then it was learned that he was arrested so that jurisdiction laid with Juvenile Court.

(Tr. 79, Juvenile Bindover Hearing Dated February 23, 2016.)

{¶25} Accordingly, the juvenile court possessed jurisdiction over Rosser and prior to transferring jurisdiction to the general division of the common pleas court, the juvenile court was required to follow the procedures in R.C. 2152.12.

{¶26} R.C. 2152.12 governs the juvenile court's authority to transfer a child to the general division of the common pleas court. Subsection (A) governs mandatory bindover and subsection (B) governs discretionary bindover. In this case, Rosser was charged with attempted rape and kidnapping. These offenses do not subject Rosser to mandatory bindover because they are not category one offenses as defined under R.C. 2152.02(AA).

Although he was charged with kidnapping, which is a category two offense under R.C. 2152.02(BB), R.C. 2152.10(A)(2) expressly removes kidnapping from offenses that would require mandatory bindover. Accordingly, Rosser was only subject to discretionary bindover, which required the trial court to make certain findings prior to transferring him to the general division of the common pleas court.

{¶27} In order to transfer a case to adult court, pursuant to R.C. 2152.12(B), the court is required to find (1) that the child was 14 years of age or older at the time of the act charged; (2) there is probable cause to believe that the child committed the act charged; and (3) after completion of the required investigation under subsection (C) and upon consideration of the relevant factors under subsection (D) and (E), the child is not amenable to care or rehabilitation with the juvenile system, and the safety of the community may require that the child be subject to adult sanctions.

{¶28} In this case, the juvenile court, prior to transferring Rosser pursuant to R.C. 2151.12(B), concluded that Rosser was over the age of 14 at the time of the offense, and there was probable cause to believe he committed the act charged. However, it failed to conduct an amenability hearing as required. While the amenability hearing may have been a futile act, the failure to conduct such hearing was a jurisdictional impediment that deprived the general division of jurisdiction over the case. Absent a proper bindover proceeding in the juvenile court, the common pleas court lacks subject-matter jurisdiction over the case and any conviction obtained there is void ab initio. *State v. Wilson*, 73 Ohio St.3d 40, 44, 652 N.E.2d 196 (1995).

**{¶29}** Accordingly, Rosser's counsel was deficient for failing to request dismissal of the indictment because the juvenile court improperly transferred the case to the general division. Because the general division did not have jurisdiction over the matter, Rosser's convictions are reversed and the case is remanded to the juvenile court to conduct an amenability hearing pursuant to R.C. 2152.12(B).

**{¶30}** Having reversed his convictions for lack of jurisdiction, Rosser's first, second, third, fourth, and seventh assignments of error, all of which pertain to the evidence presented at trial, are hereby rendered moot.

**{¶31}** Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
PATRICIA ANN BLACKMON, J., CONCUR