[Cite as *State v. Boyd*, 2012-Ohio-1836.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97234**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# SHANNON N. BOYD

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-547328

**BEFORE:** S. Gallagher, J., Blackmon, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** April 26, 2012

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square
Suite 1616
Cleveland, OH   44113-1901


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Ronni Ducoff
        Mark J. Mahoney
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} Appellant Shannon N. Boyd appeals the sentence she received for attempted endangering children. For the reasons stated herein, we affirm.

{¶2} Boyd was indicted on two counts of endangering children in violation of R.C. 2919.22(A). Following plea negotiations, Boyd entered a plea of guilty to Count 1 as amended to attempted endangering children in violation of R.C. 2923.02 and 2919.22(A), a felony of the fourth degree. Count 2 was nolled.

{¶3} The transcript reflects that at the time of the incident, Boyd was a single mother with six children under the age of ten. At the time of the underlying incident, her youngest two children were six-month-old twins. On the evening of February 6, 2010, Boyd was cooking dinner. Her six-month-old child S.B. was sleeping upstairs. After a period of time, Boyd went upstairs to check on S.B. Boyd claimed she discovered S.B. lying on a heating vent unresponsive. S.B. was taken to the Cleveland Clinic, but was transferred to MetroHealth Medical Center because of the severity of the burns.

{¶4} The hospital confronted Boyd when it was determined that S.B. had scalding burns, not contact burns. As such, Boyd's account of what occurred was not consistent with the injuries. Boyd claimed she inquired further and discovered that her seven-year-old daughter tried to give the child a bath with water that later measured 150

degrees. Upon investigation, it was determined that at 155 degrees Fahrenheit, a child will sustain a scalding burn injury in one-half of one second.

{¶5} Images of S.B. depicted the severity of the burn injuries she sustained to her buttocks, genital area, back of the thighs, and inner thighs. S.B. will likely have scarring for the rest of her life and is going to have problems with some normal functions for some time.

{¶6} Defense counsel represented that Boyd felt horrible about the incident, she cooperated with the investigation, she has only one prior misdemeanor offense, she has sought to maintain a relationship with her children who have been removed from her custody, and she has been compliant with the requests of Children and Family Services. Defense counsel claimed Boyd is an overwhelmed mother who needs to find help with her situation. When Boyd addressed the court, she apologized for the incident and expressed her love for her children.

{¶7} The state argued that it was not until Boyd was confronted at the hospital that the true nature of the burns was revealed. It further argued such injuries do not occur from being "overwhelmed." The state noted Boyd's prior misdemeanor for endangering children was for leaving her children home alone. The state further indicated that a number of resources could have been made available to Boyd if she had chosen to use them.

{¶8} The primary investigator on the case, Detective Charlie McNeeley, indicated that the initial report of the child having been burned from a heater was clearly not what

happened. He further found that resources were available to Boyd that had not been taken advantage of for the care of her children. He believed the children were at risk under her care.

{¶9} The trial court considered the purposes and principles of sentencing under R.C. 2929.11, as well as the serious and recidivism factors under R.C. 2929.12. The court reviewed the presentence investigation report and noted Boyd's prior conviction for endangering children. The court expressed that the prior conviction should have served as a wake-up call and that Boyd had failed to avail herself of opportunities and support with regard to being overwhelmed with the care of her children. The court found that the injuries sustained by S.B. were severe, "the worst I have seen in my days here on the bench." The court considered that this was Boyd's first felony offense, but found that to be insignificant because of the level of harm perpetrated on the young child. The court indicated that "this is certainly one of the worst cases of child neglect that I have seen." The court found a prison sentence was necessary to protect the public and not demean the seriousness of the offense. The court proceeded to impose the maximum sentence of 18 months in prison and included three years of postrelease control.

{¶10} Boyd proceeded to express her belief that she had not harmed S.B. She placed blame on the child's father, who she claimed had "stepped out" without telling her.

{¶11} Boyd timely filed this appeal. Her sole assignment of error asserts that "[t]he trial court abused its discretion by sentencing the appellant to a maximum sentence."

**{¶12}** In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Ohio Supreme Court, in a plurality decision, set forth a two-step approach for reviewing felony sentences. Appellate courts must first "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Id.* at ¶ 4. If the first prong is satisfied, then "the trial court's decision shall be reviewed under an abuse-of-discretion standard." *Id.* at ¶ 4 and 19.

**{¶13}** In the first step of our analysis, we review whether Boyd's sentence is contrary to law as required by R.C. 2953.08(G). As the *Kalish* court noted, post-*Foster* "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum * * * or more than the minimum sentence." *Id.* at ¶ 11, quoting *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 100. The *Kalish* court held that although *Foster* eliminated mandatory judicial fact-finding, the trial court still must consider R.C. 2929.11 and 2929.12 when imposing a sentence. *Kalish* at ¶ 13.

**{¶14}** R.C. 2929.11(A) provides that

> [A] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing[:] * * * to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

**{¶15}** R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

**{¶16}** The record in this case reflects that the trial court properly considered the applicable sentencing statutes when imposing Boyd's sentence. The court stated in its judgment entry that Boyd's prison term is consistent with R.C. 2929.11. Further, Boyd's sentence was within the statutory range. On these facts, we do not find that the sentence was contrary to law.

**{¶17}** We next consider whether the trial court abused its discretion. An "abuse of discretion" is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶18}** We find nothing in the record to suggest that the trial court's decision was unreasonable, arbitrary, or unconscionable. As outlined above, a review of the record indicates that the trial court considered all required factors of the law and found that prison was consistent with the purposes and principles of R.C. 2929.11. The court allowed defense counsel the opportunity to advocate for mitigation of any penalty and also allowed Boyd to address the court. Before imposing sentence, the court discussed Boyd's prior conviction for endangering children, Boyd's failure to avail herself of opportunities and support for the care of her children, the severity of the injuries sustained by the young child, and the nature of the offense herein. While Boyd argues that she is

an overwhelmed mother of six children, the record clearly supported the trial court's determination that this was not an excuse in this case. Further, while Boyd claims the court was focused on the severity of the injuries to the child, as opposed to her responsibility for the burns, the record reflects otherwise. The court clearly considered Boyd's neglect of her child, finding this to have been "one of the worst cases of child neglect" the court had seen. Finding no abuse of discretion, we overrule Boyd's sole assignment of error.

{¶19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, A.J., and
MARY EILEEN KILBANE, J., CONCUR