[Cite as *State v. Tate*, 2016-Ohio-8309.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 104342**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MELISSA A. TATE

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-600455-A

**BEFORE:**  S. Gallagher, J., E.A. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**  December 22, 2016

**ATTORNEY FOR APPELLANT**

Paul A. Mancino, Jr.
Mancino, Mancino & Mancino
75 Public Square Building
Suite 1016
Cleveland, Ohio   44113-2098


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Khalilah A. Lawson
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

{¶1}   Melissa Tate appeals her child endangerment conviction and the imposed three-year prison term.   We affirm.

{¶2} Tate was a child-care services provider.   In October 2015, Tate abnormally isolated and abused a child in her care, repeatedly hitting the two-year-old victim with some kind of a stick.   When the victim's mother arrived to pick up her child, multiple bruises were instantly visible and the child was without pants.   Tate casually left the child care center after the abuse occurred.   For this, Tate pleaded guilty to a single count of child endangerment in violation of R.C. 2919.22(B)(2), a third-degree felony.   A surveillance camera recorded Tate's criminal behavior and was played for the trial court at sentencing.   After hearing from the defendant, the state, and the victim's relatives, the trial court imposed the maximum sentence of three years in prison.   Tate timely appealed, challenging her sentence as a matter of right under R.C. 2953.08(A)(1)(a) and her guilty plea.   We find no merit to Tate's appeal.

{¶3} With regard to her guilty plea, Tate claims she was denied due process, and her guilty plea thus was invalid because the state failed to specifically name the victim in the indictment.   In the indictment, the state identified the victim as "John Doe," but included the child's date of birth.   Without citation to authority, Tate claims that the victim's identity must be disclosed in the indictment to adequately inform her of the charges.

**{¶4}** There are two problems preventing us from considering Tate's argument as having merit. By voluntarily entering a guilty plea, Tate waived the right to contest any nonjurisdictional defects occurring before the guilty plea, including any alleged defects in the indictment. *State v. Salter*, 8th Dist. Cuyahoga No. 82488, 2003-Ohio-5652, ¶ 8, citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1990); *Stacy v. Van Coren*, 18 Ohio St.2d 188, 248 N.E.2d 603 (1969); *State v. Hill*, 8th Dist. Cuyahoga No. 61685, 1993 Ohio App. LEXIS 641 (Feb. 4, 1993). Second, and more importantly, "Ohio law does not require that a victim be named in an indictment when the identity of the victim is not an essential element of the crime." *State v. Hills*, 8th Dist. Cuyahoga No. 98848, 2013-Ohio-2902, ¶ 4; *State v. Cicerchi*, 182 Ohio App.3d 753, 2009-Ohio-2249, 915 N.E.2d 350, ¶ 35, fn. 7 (8th Dist.). Nothing in the record indicates there was any confusion over which child Tate abused in October 2015, and even if Tate had not waived a challenge to nonjurisdictional defects in the indictment, Ohio law does not require the state to specifically name the victim in the indictment in this instance. We overrule Tate's argument to the contrary.

**{¶5}** Tate advanced three challenges against her three-year sentence of imprisonment: (1) the trial court erred by considering the video depicting the conduct underlying the criminal charges in violation of *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); (2) trial counsel provided ineffective assistance by failing to object to the trial court's consideration of that video; and (3) the trial court failed to consider the principles and purposes of sentencing before imposing the

maximum sentence on the third-degree felony. None of Tate's arguments with respect to the imposition of her prison sentence have merit.

{¶6} Tate contends that the trial court's consideration of the video surveillance footage of her committing the crime violated *Blakely* because no jury weighed the evidence. We disagree. When the defendant's finding of guilt results from a plea agreement, that agreement has never precluded the trial court from considering the underlying facts of the case. *State v. Smith*, 8th Dist. Cuyahoga No. 101387, 2014-Ohio-5553, ¶ 15, citing *State v. Frankos*, 8th Dist. Cuyahoga No. 78072, 2001 Ohio App. LEXIS 3712 (Aug. 23, 2001), and *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 18. The trial court is not only permitted to consider the conduct underlying the charges during the sentencing hearing, but must do so under R.C. 2929.12(B), which requires the court to consider the seriousness of the offender's conduct. *Id.* "[T]he seriousness of the offense will generally be based upon the judge's perception of the real facts of what occurred, and the plea bargained offense will simply set a ceiling on what the judge can impose." *Frankos*, quoting Griffin & Katz, *Ohio Felony Sentencing Law*, at 450-451 (2000 Ed.). Thus, during the sentencing stage, there was no error in viewing the video surveillance footage, which undisputedly depicted Tate beating the two-year-old child with a stick.

{¶7} Further, as we have done in the past on identical arguments, we decline to apply *Blakely* to this assignment of error. *State v. Hinton*, 8th Dist. Cuyahoga No. 84582, 2005-Ohio-3427, ¶ 16. In *Blakely*, the Supreme Court held that any fact

increasing the penalty for a crime beyond the prescribed statutory maximum for that crime must be submitted to the jury. *Id.* at 304. There is no assertion here that the trial court's consideration of the video depicting Tate's criminal behavior was specifically related to a judicial finding that enhanced a sentence beyond the statutory maximum sentence. The trial court imposed a three-year sentence, which is within the statutorily prescribed sentencing range for the crime to which Tate pleaded guilty. In light of the fact that a trial court must consider the evidence of the underlying criminal conduct, we need not delve into the ineffective assistance of counsel claim that is predicated on allowing the trial court to consider the video. Tate's trial counsel could not have prevented the trial court from viewing the video and, thus, could not have rendered ineffective assistance by failing to object.

{¶8} Finally, Tate claims that the trial court failed to consider the principles and purposes of felony sentencing despite the fact that at both the sentencing hearing and again in the final entry of conviction, the trial court expressly considered all that was required by R.C. 2929.11 and 2929.12. Essentially, Tate is asking this appellate panel to reweigh the evidence adduced at the sentencing hearing as it relates to the R.C. 2929.11 and 2929.12 sentencing factors. Such a review is beyond the statutory limitations placed on appellate sentencing review.

{¶9} Appellate review of felony sentences is governed by R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. A defendant has the right to appeal any sentence consisting of the maximum term allowed for an offense, any

prison sentence imposed for a fourth- or fifth-degree felony in certain situations, a sentence stemming from certain violent sex offenses, any sentence that included an additional prison term imposed pursuant to R.C. 2929.14(B)(2)(a), or a sentence that is contrary to law.  R.C. 2953.08(A).

{¶10} Appellate courts must look to the plain language of a statute in determining legislative intent.  *Marcum* at ¶ 8.  R.C. 2953.08(G)(2) unambiguously provides that an appellate court may not modify, vacate, or otherwise alter a final sentence unless it clearly and convincingly finds in its review under division (A), (B), or (C) "[(1)] [t]hat the record does not support the sentencing court's findings under division (B) or (D) of 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the revised code, whichever, if any, is relevant; [or (2)] [t]hat the sentence is otherwise contrary to law."  The review provided for in R.C. 2953.08 is limited.  An appellate court "may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence."  *Marcum* at ¶ 23.

{¶11} We cannot review Tate's final assigned error as presented, in which she seeks reconsideration of the weight to be given to the sentencing factors for the purpose of determining the appropriate length of the prison term in this appeal.  Tate has failed to argue, let alone demonstrate, that her sentence was contrary to law, and as a result, she has not presented a basis for us to conclude by clear and convincing evidence that the record does not support the sentence.

**{¶12}** The trial court, in this case, expressly considered the principles and purposes of felony sentencing. A trial court "need only consider the sentencing factors pursuant to R.C. 2929.11 and 2929.12 and need not make findings in support of those factors to impose a sentence that is not considered contrary to law." *State v. Ongert*, 8th Dist. Cuyahoga No. 103208, 2016-Ohio-1543, ¶ 12, citing *State v. Karlowicz*, 8th Dist. Cuyahoga No. 102832, 2016-Ohio-925, ¶ 12; *State v. Akins*, 8th Dist. Cuyahoga No. 99478, 2013-Ohio-5023, ¶ 18; *State v. Switzer*, 8th Dist. Cuyahoga No. 102175, 2015-Ohio-2954, ¶ 12. An appellate court lacks the authority under R.C. 2953.08 to consider the weight given to respective sentencing factors because such discretion rests solely with the trial court. *Ongert*; *State v. Anderson*, 8th Dist. Cuyahoga No. 103490, 2016-Ohio-3323, ¶ 9 (an assignment of error claiming the trial court failed to consider the sentencing factors would be frivolous when the trial court expressly indicates it had, and any assigned error relating to the weight the trial court gave to the sentencing factors would likewise be frivolous under the *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), review). We overrule Tate's final assignment of error challenging the length of her prison sentence because we cannot clearly and convincingly conclude that the sentence is contrary to law.

**{¶13}** Tate's conviction is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR