[Cite as *State v. Lucius*, 2019-Ohio-741.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,             CASE NO. 8-18-31

    v.

SCOTT J. LUCIUS,                 O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 17 05 0167

**Judgment Affirmed**

Date of Decision: March 4, 2019

APPEARANCES:

    *Eric J. Allen* **for Appellant**

    *Sarah J. Warren* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Scott J. Lucius ("Lucius"), brings this appeal from the June 19, 2018, judgment of the Logan County Common Pleas Court sentencing him to an aggregate fifty-four month prison term after Lucius pled guilty to, and was convicted of, Endangering Children in violation of R.C. 2919.22(B)(3), a felony of the third degree, and Attempted Endangering Children in violation of R.C. 2923.02(A) and R.C. 2919.22(B)(3), a felony of the fourth degree. On appeal Lucius argues that the record does not support the imposition of consecutive sentences, and that the imposition of consecutive sentences in this matter constituted cruel and unusual punishment in violation of the Eighth Amendment.

*Relevant Facts and Procedural History*

{¶2} Lucius was the parent of five children that he adopted. He adopted two children, G.L. and B.L., after they were placed with him in foster care. He then later adopted three children who were his great nieces and nephew, R.L., S.L., and L.L.

{¶3} On February 14, 2018, a superseding indictment was filed against Lucius alleging five counts of Felonious Assault in violation of R.C. 2903.11(A)(2), all felonies of the second degree, five counts of Endangering Children in violation of R.C. 2919.22(B)(3), all felonies of the third degree, five counts of Endangering Children in violation of R.C. 2919.22(B)(3) alleging serious physical harm, all felonies of the second degree, and five counts of Endangering Children in violation

of R.C. 2919.22(B)(1), all felonies of the second degree.[1] All of the counts alleged that Lucius had abused the children in some form. The differing counts related to different children, different dates, and varying severity of the abuse. There were counts related to G.L., R.L., S.L., and L.L., but none related to B.L.

{¶4} On May 2, 2018, the parties entered into a written, negotiated plea agreement wherein Lucius agreed to plead guilty to one count of Endangering Children in violation of R.C. 2919.22(B)(3), a felony of the third degree, and one amended count of Attempted Endangering Children in violation of R.C. 2919.22(B)(3)/(E)(3), a felony of the fourth degree.[2] As part of the agreement Lucius also agreed to consent to granting permanent custody of all five children to Logan County Children's Services.

{¶5} Lucius filed a memorandum prior to sentencing detailing his significant health concerns as a 51-year-old man. In addition, the memorandum indicated that Lucius had led a relatively law-abiding life, that there was no presumption in favor of prison, and that he was no danger to the public. It contended that house arrest was an appropriate sanction for Lucius's condition.

---

[1] The original indictment against Lucius alleged a single count of Endangering Children; however, new counts were added after the children were removed from his care and felt more comfortable detailing what had happened, resulting in the final superseding indictment filed February 14, 2018.

[2] The Endangering Children charge was related to S.L., and the Attempted Endangering Children charge was related to L.L.

{¶6} On June 18, 2018, the matter proceeded to sentencing. At sentencing the children's GAL spoke on their behalf, showing photographs of S.L.'s injuries from one of the beatings. S.L. was seven years old at the time of the beating, which the GAL characterized as "extensive and horrific." (June 18, 2018, Tr. at 36). Photographs of L.L. were also shown, who was three years old at the time of the beating.

{¶7} Lucius read a statement at the sentencing hearing, and presented two witnesses attesting to his character and his progress in counseling. Lucius requested leniency from the trial court.

{¶8} The trial court then proceeded to sentencing, describing the injuries in this case as "shocking * * * on children of tender years." (June 18, 2018, Tr. at 46). The trial court emphasized that Lucius was on community control at the time he committed these offenses. After reviewing the principles and purposes of sentencing, the trial court sentenced Lucius to a maximum thirty-six month prison term on the Endangering Children conviction, and a maximum eighteen month prison term on the Attempted Endangering Children conviction. Those prison terms were ordered to be served consecutively, for an aggregate fifty-four month prison term.

{¶9} A judgment entry memorializing Lucius's sentence was filed June 19, 2018. It is from this judgment that Lucius appeals, asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**The record in this matter does not support the imposition of consecutive sentences pursuant to state law R.C. 2929.14.**

**Assignment of Error No. 2**
**The imposition of consecutive sentences violates the appellant's Eighth Amendment right against cruel and unusual punishment applicable to the State of Ohio by the Fourteenth Amendment.**

{¶10} In Lucius's first assignment of error, he argues that the record did not support the imposition of consecutive sentences in this matter. Specifically, he argues that the trial court failed to properly consider a number of mitigating factors in this case.

Standard of Review

{¶11} "Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.' " *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. "Clear and convincing evidence is that ' "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to

be established." ' " *Id.*, quoting *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio

St. 469 (1954), paragraph three of the syllabus.

{¶12} "Except as provided in * * * division (C) of section 2929.14, * * * a

prison term, jail term, or sentence of imprisonment shall be served concurrently with

any other prison term, jail term, or sentence of imprisonment imposed by a court of

this state, another state, or the United States." R.C. 2929.41(A).

{¶13} Revised Code 2929.14(C) provides:

**(4)   If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**

**(a)   The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**

**(b)   At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

**(c)   The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

{¶14} Revised Code 2929.14(C)(4) requires a trial court to make specific findings on the record when imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33. Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*; *Id.*

{¶15} The trial court must state the required findings at the sentencing hearing when imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

### Analysis

{¶16} In this case, after hearing statements at the sentencing hearing, the trial court conducted a lengthy analysis of its reasoning, going through the sentencing factors. The trial court made it clear that it had considered the protection of the

public and the seriousness of the offenses. In addition, the trial court stated as follows.

> **I do believe that consecutive sentences are warranted because they are necessary to punish this offender for the seriousness of his conduct, and the Court notes that this was committed while the defendant was already on community control for offenses which, coincidentally, tie back, once again, to the children. His criminal history demonstrates that these consecutive sentences are warranted.**

(June 18, 2018, Tr. at 46). The trial court thus clearly made all of the appropriate findings to impose consecutive sentences as required under R.C. 2929.14(C)(4).

{¶17} The judgment entry filed by the trial court similarly stated all the necessary requirements under R.C. 2929.14(C)(4).

> **The Court finds that consecutive sentences are necessary to protect the public from future crime and/or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**

(Doc. No. 233).

{¶18} The record before this Court thus reflects that the trial court made the appropriate findings to impose consecutive sentences in this matter. However, Lucius seems to contend that while the trial court made the appropriate findings, they were not supported by the record. Notably, the trial court is not required to

-8-

support its findings on the record, so long as the findings are properly made. Nevertheless, the trial court did engage in a lengthy discussion of its sentencing rationale.

{¶19} At the sentencing hearing the trial court indicated it was concerned with the "shocking injuries on children of tender years." (June 18, 2018, Tr. at 46). The trial court was concerned with the fact that children are "exquisitely a vulnerable population." (*Id*. at 43). The trial court was also concerned with the fact that Lucius was on community control for falsifying documentation to receive public assistance at the time he committed these offenses. Lucius had improperly received public assistance for the children based on his falsification in excess of $38,000.

{¶20} Lucius argued to the trial court, and maintains on appeal, that he was chronically ill, that he was disabled, that he was remorseful, and that he had led a law-abiding life prior to the falsification and the charges in this case. He contends that the trial court should have weighed these issues and other mitigating factors more heavily in its consideration. However, it is clear that the trial court was aware of these factors, having read Lucius's sentencing memorandum stating as much. The trial court also addressed some of the mitigating factors at the sentencing hearing specifically, finding that they did not outweigh the seriousness of the crimes in this matter.

**{¶21}** Finally, we would note that Lucius had eighteen counts in his indictment dismissed against him in his plea deal, including counts related to two of his other children. Some of these counts were second degree felonies. "[A] sentencing court may consider charges that have been dismissed or reduced pursuant to a plea agreement." *State v. Parsons*, 7th Dist. Belmont No. 12 BE 11, 2013-Ohio-1281, ¶ 18, citing *State v. Starkey,* 7th Dist. No. 06MA110, 2007–Ohio–6702, ¶ 2; *State v. Cooey,* 46 Ohio St.3d 20, 35, 544 N.E.2d 895 (1989).

**{¶22}** Based on the record before us, and the trial court's clear and careful analysis at sentencing, we cannot find that the trial court's imposition of consecutive sentences was clearly and convincingly contrary to law. Therefore, Lucius's first assignment of error is overruled.

*Second Assignment of Error*

**{¶23}** In Lucius's second assignment of error, he contends that his aggregate sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment of the Constitution of the United States. Specifically, he contends that for felonies of the third and fourth degree probation was the desired outcome. Lucius argues that his sentence was "grossly disproportionate" to the harm inflicted.

Standard of Review

**{¶24}** The Supreme Court of Ohio recognized in *State v. Anderson*, 151 Ohio St.3d 212, 2017-Ohio-5656, ¶ 27,

-10-

> **The Eighth Amendment to the United States Constitution precludes cruel and unusual punishment. "A key component of the Constitution's prohibition against cruel and unusual punishment is the 'precept of justice that punishment for the crime should be graduated and proportioned to [the] offense.' "** (Brackets sic.) ***State v. Moore*, 149 Ohio St.3d 557, 2016-Ohio-8288, 76 N.E.3d 1127, ¶ 31, quoting *Weems v. United States*, 217 U.S. 349, 367, 30 S.Ct. 544, 54 L.Ed. 793 (1910). To constitute cruel and unusual punishment, "the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community."** *McDougle v. Maxwell*, 1 Ohio St.2d 68, 70, 203 N.E.2d 334 (1964).

Analysis

{¶25} Lucius argues in this case that his sentence is "grossly disproportionate to the harm inflicted." (Appt.'s Br. at 12). He continues by contending that "[t]his is particularly true in looking at other cases of similar facts." (*Id.*)

{¶26} Despite these bald claims, Lucius provides no factual or legal support as to how his sentence in this matter was grossly disproportionate to the harm inflicted upon a seven year old child and a three year old child, harm that the trial court called "shocking" after viewing photographs of the injuries. In addition, he provides no legal support as to how the sentence in this case was disproportionate to sentences in other cases. He does not cite a single case where anyone was even sentenced for Endangering Children or Attempted Endangering Children to

compare the sentences.[3]

**{¶27}** It is undisputed that the sentences in this case were within the statutory range set by the legislature. There is no indication that the punishment in this case is grossly disproportionate to the "shocking" injuries perpetrated on young children in this matter. Therefore, Lucius's second assignment of error is overruled.

*Conclusion*

**{¶28}** For the foregoing reasons Lucius's assignments of error are overruled and the judgment of the Logan County Common Pleas Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and PRESTON, J., concur.**

**/jlr**

---

[3] Cases can readily be found where maximum sentences have been imposed on third and fourth degree felony Endangering Children charges. *See State v. Tate*, 8th Dist. Cuyahoga No. 104342, 2016-Ohio-8309 (maximum sentence imposed for third degree felony Endangering Children); *State v. Boyd*, 8th Dist. Cuyahoga No. 97234, 2012-Ohio-1836 (maximum sentence imposed for Attempted Endangering Children as a fourth degree felony).