[Cite as *State v. Word*, 2020-Ohio-265.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                             No. 107235

    v.                          :

JOHN C. WORD,                           :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** January 27, 2020

---

Cuyahoga County Court of Common Pleas
Case No. CR-17-613131-A
Application for Reopening
Motion No. 529069

---

### *Appearances:*

John C. Word, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jennifer M. Meyer, Assistant Prosecuting Attorney, *for appellee.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} On June 4, 2019, the applicant, John C. Word, pursuant to App.R. 26(B) and *State v. Murnahan,* 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Word,* 8th Dist. Cuyahoga No. 107235,

2019-Ohio-795, in which this court affirmed his convictions and sentences for involuntary manslaughter, attempted murder, and having a weapon while under disability. Word now argues that his appellate counsel should have argued that the attempted murder count was predicated on a John Doe that caused multiple errors: (1) that John Doe and the actual victim were the same person or could not be distinguished resulting in a defective indictment, (2) the offenses were actually allied offenses, (3) consecutive sentences were improper, and (4) trial counsel was ineffective for failing to raise these issues. The state of Ohio filed its brief in opposition on July 8, 2019. For the following reasons, this court denies the application.

{¶ 2} In the early morning hours of January 1, 2017, Word was celebrating the New Year at a bar. Toward closing time, he engaged in an altercation with the bar's security staff, because they asked him to finish his drinks and leave. In this altercation, the security staff threw him out of the bar. Word then retrieved a pistol from his car.[1] After contemplating his response for a few minutes, Word fired two shots into the bar, which was still occupied with the staff and customers.[2] One shot struck Travis Stephens in the temple, causing his death hours later.

{¶ 3} The grand jury indicted Word for the aggravated murder of Stephens, the murder of Stephens, two counts of felonious assault of Stephens, attempted

---

[1] The transcript indicates that Word had convictions for robbery, felonious assault, multiple drug offenses, and was on parole for a federal weapons charge.

[2] Two shell casing were found in the parking lot.

murder of John Doe 1, felonious assault of John Doe 1, attempted murder of John Doe 2, felonious assault of John Doe 2, attempted murder of John Doe 3, felonious assault of John Doe 3, having weapons while under disability, and obstructing justice. All but the last two charges included one-, three-, and 54-month firearm specifications.

{¶ 4} Word and his trial counsel reached the following plea agreement: the state amended aggravated murder to involuntary manslaughter and deleted the one- and three-year firearm specifications, the state deleted the one- and three-year firearm specifications from the attempted murder count for John Doe 1. Word pled guilty to those charges and having a weapon while under disability. The state nolled the other charges, and the parties agreed to a stipulated 20- to 25 -year sentence. The court accepted Word's guilty plea and imposed a 22- year sentence.[3]

{¶ 5} Word's appellate counsel argued the following: (1) The trial court erred by failing to comply with Crim.R. 11 and to advise Word that the two 54-month firearm specifications had to be served consecutively to each other and to the base charges, thus rendering the plea invalid. (2) The trial court erred when it failed to take a specific guilty plea for the two firearm specifications. (3) The trial court erred by improperly sentencing on the firearm specifications and the base charges. (4) The trial court erred in failing to merge the involuntary manslaughter and attempted murder charges because they emanated from a single act and there could be no

---

[3] The two 54-month firearm specifications were consecutive to each other, consecutive to eight years for involuntary manslaughter, and consecutive to five years for attempted murder; the 36 months for the weapons charge was concurrent.

finding of separate victims. (5) Trial counsel were ineffective in failing to seek merger of the two counts.

**{¶ 6}** Word maintains that his "[a]ppellate counsel was constitutionally ineffective for the failure to challenge on direct appeal the fact that this appellant's attempted murder charge is itself predicated on a 'John Doe' [sic] This constitutes error, actually 4 distinct errors, as the John Doe and Travis Stephens, the victim in the manslaughter charge, are the same person." (Pg. 2 of the Application.) Word then specifies the four errors that arose because John Doe and Travis Stephens are the same person: (1) The indictment was defective because it is impossible to distinguish between John Doe and Stephens. (2) The attempted murder charge and the involuntary manslaughter are allied offenses because the victim was the same person. (3) It was error to impose consecutive sentences for allied offenses. (4) Trial counsel were ineffective for failing to contest these errors.

**{¶ 7}** In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); and *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

**{¶ 8}** In *Strickland,* the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that

it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689.

{¶ 9} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

{¶ 10} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a

reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶ 11} In the present case, Word's arguments on ineffective assistance of appellate counsel are not well taken. First, Word's appellate counsel argued this point in the fourth assignment of error: "The trial court erred when it failed to merge the involuntary manslaughter and attempted murder convictions as allied offenses from a single act where there can be no finding of separate victims * * *." In the body of the argument, counsel admitted that the two offenses could merge only if the named victim and the John Doe were the same person. Counsel then proposed that because there was no evidence in the record that Travis Stephens and John Doe were not the same person, then "there can be no way to find it to be true that the victims in count one and count five are different individuals." (Pg. 24 appellant's brief.) Appellate counsel also asserted that trial counsel was ineffective for failing to argue this point. Accordingly, Word's argument is not well taken, because his appellate counsel made the arguments in the fourth assignment of error.

{¶ 12} Moreover, to the extent that Word complains that the indictment was defective, his plea of guilty and acceptance of an agreed sentence that could only be fulfilled through the imposition of consecutive sentences waived that argument. *State v. Tate,* 8th Dist. Cuyahoga No. 105342, 2016-Ohio-8309, and *State v. Szidik,*

8th Dist. Cuyahoga No. 95644, 2011-Ohio-4093.  Finally, the court notes that Travis Stephens was not the only person in the bar when Word fired his pistol twice.

{¶ 13}  Accordingly, this court denies the application.


_____
SEAN C. GALLAGHER, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR