[Cite as *State v. Settlemire*, 2023-Ohio-1852.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO.  9-22-33

    v.

JON M. SETTLEMIRE,                 O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 20-CR-458

Judgment Affirmed

Date of Decision:  June 5, 2023

APPEARANCES:

    *W. Joseph Edwards* for Appellant

    *Raymond A. Grogan, Jr.* for Appellee

**WALDICK, J.**

{¶1} Defendant-appellant, Jon Settlemire ("Settlemire"), appeals the April 29, 2022 judgment of sentence entered against him in the Marion County Court of Common Pleas. Specifically, Settlemire challenges the trial court's imposition of consecutive sentences. For the reasons that follow, we affirm.

*Procedural History*

{¶2} This case originated on December 9, 2020, when the Marion County Grand Jury returned a 45-count indictment charging Settlemire with a variety of felony-level crimes.

{¶3} On February 25, 2021, an arraignment was held and Settlemire entered a plea of not guilty to the indictment. Twelve months of pretrial proceedings then ensued.

{¶4} On February 23, 2022, Settlemire entered a negotiated plea of guilty to five crimes. Specifically, Settlemire pled guilty to Count 1 of the indictment, amended to a charge of Theft in violation of R.C. 2913.02, a fourth-degree felony; to Count 9 of the indictment, a charge of Forgery in violation of R.C. 2913.31, a fifth-degree felony; to Count 14 of the indictment, a charge of Forgery in violation of R.C. 2913.31, a fifth-degree felony; to Count 19 of the indictment, a charge of Theft in violation of R.C. 2913.02, a fourth-degree felony; and to Count 37 of the indictment, amended to a charge of Forgery in violation of R.C. 2913.31, a third-

degree felony. In exchange for the guilty pleas as outlined, the prosecution dismissed the remaining counts of the indictment. The trial court accepted the guilty pleas and ordered a presentence investigation.

{¶5} On April 28, 2022, a sentencing hearing was held. At that time, the trial court imposed a sentenced of 17 months in prison on Count 1, 11 months in prison on Count 9, 11 months in prison on Count 14, 17 months in prison on Count 19, and 30 months in prison on Count 37. The trial court ordered that all counts be served consecutively, for an aggregate sentence of 86 months in prison.

{¶6} On June 10, 2022, Settlemire filed the instant appeal.

**Assignment of Error**

**The trial court erred when it imposed a consecutive sentence in lieu of a concurrent sentence.**

{¶7} In the sole assignment of error, Settlemire argues that the trial court erred in ordering that the sentences in this case be served consecutively. Specifically, Settlemire asserts that the aggregate sentence here is disproportionate and overly severe when compared to the criminal conduct of which he was convicted.

{¶8} When imposing consecutive sentences, "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.

{¶9} R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} In *State v. Gwynne*, ___ Ohio St.3d ___, 2022-Ohio-4607, the Supreme Court of Ohio recently addressed consecutive felony sentencing at length.[1] In *Gwynne*, the Ohio Supreme Court noted that "[w]hen a person is sentenced for having committed multiple offenses, the presumption is that those sentences will be imposed concurrently, not consecutively. *See* R.C. 2929.41(A)." *Id.*, at ¶ 10. The

---

[1] We note that a motion for reconsideration was filed in *Gwynne* on January 3, 2023, and that motion is still pending as of the date of our opinion in this case.

Court in *Gwynne* further noted that defendants may appeal consecutive sentences, and that "R.C. 2953.08(G)(2)(a) states that an appellate court may increase, reduce, or otherwise modify a sentence or that it may vacate the sentence and remand the case for resentencing when it clearly and convincingly finds that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)." *Id.* at ¶ 11.

{¶11} In *Gwynne*, the Ohio Supreme Court then went on to set forth "practical guidance" for consecutive-sentence review on appeal, noting that the first step "is to ensure that the consecutive-sentence findings under R.C. 2929.14(C)(4) have been made" as to "necessity and proportionality, as well as the third required finding under R.C. 2929.14(C)(4)(a), (b), or (c)." *Id.* at ¶ 24-25. If the reviewing court determines that the necessary consecutive-sentence findings were made, it "may then determine whether the record clearly and convincingly supports those findings." *Id.* at ¶ 26. If "one of the consecutive-sentence findings is found not to be supported by the record under the clear-and-convincing standard provided by R.C. 2953.08(G)(2), then the trial court's order of consecutive sentences must be either modified or vacated by the appellate court. *See* R.C. 2953.08(G)(2)." *Id.*

{¶12} The Ohio Supreme Court further held in *Gwynne* that an appellate court's review of the findings and record "is de novo with the ultimate inquiry being whether it clearly and convincingly finds—in other words, has a firm conviction or

belief—that the evidence in the record does not support the consecutive-sentence findings that the trial court made." *Id.* at ¶ 27.

{¶13} Finally, the Supreme Court of Ohio concluded in *Gwynne* that "R.C. 2929.14(C)(4) requires trial courts to consider the overall number of consecutive sentences and the aggregate sentence to be imposed when making the necessity and proportionality findings required for the imposition of consecutive sentences." *Id.* at ¶ 31.

{¶14} In the instant case, our de novo review of Settlemire's sentences reflects that the trial court made the requisite consecutive-sentence findings pursuant to R.C. 2929.14(C)(4) at the sentencing hearing and incorporated those findings into the judgment entry of sentencing. We also cannot conclude that the record clearly and convincingly does not support the trial court's findings as they pertain to the sentencing order on each count, particularly the finding with which Settlemire takes issue on appeal, being that consecutive sentences are not disproportionate to the seriousness of Settlemire's conduct in the case and that his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by him.

{¶15} At the time of the negotiated guilty plea, the parties agreed that this case involved the following general facts:

> [S]hould this case had [*sic*] gone to trial, the * * * evidence would
> have established that the defendant did knowingly in a continuing

course of conduct with the offenses committed in Marion County with the intent to deceive, forged the names, the signatures of various family members to include Bonnie Settlemire, Joshua Settlemire and Vance Settlemire on various documents inclusive of powers of attorney, credit applications, loan applications, and checks. * * * The signatures were done without the permission or authority or * * * without the knowledge of the individuals whose names were forged.

Through the forgeries, the defendant committed the act of – committed acts that constitute theft of money within the statutory limits of the felony of the fourth degree. In that act, the defendant did knowingly exert control over or obtain money by deception through the acts of forgery that were identified in the previous counts.

(2/23/22 Tr., 30-31).

{¶16} As the trial court noted when imposing sentence, and as confirmed by the record, Settlemire's multiple crimes of Theft and Forgery resulted in a loss of nearly $50,000.00 to the various victims, and the multiple victims in this case suffered serious economic harm. Settlemire's relationship with the victims facilitated the offenses, with one of those victims being Settlemire's elderly mother. Settlemire also had three prior felony convictions, including one in federal court for Wire Fraud, one in Wood County for Passing Bad Checks, and one in Union County for Theft and Insurance Fraud, all of which involved crimes of dishonesty and conduct similar to that in this case. In each of those prior cases, Settlemire had violated the terms of supervision and was on community control in the Union County case when he engaged in the criminal conduct at issue here. Finally, as the trial court noted, Settlemire was initially charged with 45 felony counts in this case,

and "'[a] sentencing court may consider charges that have been dismissed or reduced pursuant to a plea agreement.'" *State v. Lucius* 3d Dist. Logan No. 8-18-31, 2019-Ohio-741, ¶ 21, quoting *State v. Parsons*, 7th Dist. Belmont No. 12 BE 11, 2013-Ohio-1281, ¶ 18, citing *State v. Starkey,* 7th Dist. No. 06MA110, 2007–Ohio–6702, ¶ 2; *State v. Cooey,* 46 Ohio St.3d 20, 35, 544 N.E.2d 895 (1989).

{¶17} Given those facts, the number of consecutive sentences and the aggregate sentence here were not disproportionate or overly severe when compared to the criminal conduct of which Settlemire was found guilty.

{¶18} For all of the reasons noted, we find that the trial court's imposition of consecutive sentences on all counts was appropriate, and we therefore overrule the assignment of error.

{¶19} Having found no error prejudicial to the defendant-appellant in the particulars assigned and argued, the judgment of the Marion County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**MILLER, P.J. and ZIMMERMAN, J., concur.**

**/jlr**